**JOHNSON CONTROLS, INC., Appellant,**

v.

**Gary WESTCOTT, Respondent.**

**No. WD 51899.**

Missouri Court of Appeals,
Western District.

June 25, 1996.

Bill Richerson, Kansas City, for appellant.

Franklin Nichols, St. Joseph, for respondent.

Before LOWENSTEIN, P.J., and
HANNA and SPINDEN, JJ.

### MEMORANDUM DECISION

PER CURIAM.

Johnson Controls, Inc., appeals the Labor and Industrial Relations Commission's decision that it must pay its employee, Gary Westcott, temporary total disability compensation. Johnson Controls asserts that Westcott's injuries resulting from a fall in the parking lot of a physical therapist did not arise out of, and in the course of, his employment and that, even if the injuries were compensable, Westcott was not entitled to compensation because he was able to do light duty work but refused. We affirm. Rule 84.16(b).

■

**Jeffrey Scott SHUEY, Appellant,**

v.

**MAXWELL–GABEL CONTRACTING
and American States Insurance,
Respondents.**

**No. WD 51854.**

Missouri Court of Appeals,
Western District.

June 25, 1996.

Angelo Falcone, North Kansas City, for appellant.

Rex Henoch, Lenexa, KS, Douglas Greenwald, Lenexa, KS, for respondents.

Before LOWENSTEIN, P.J., and
HANNA and SPINDEN, JJ.

### MEMORANDUM DECISION

PER CURIAM.

Jeffrey Scott Shuey suffered injuries from an automobile accident on his way home from work. He contends that his injuries should be compensated under workers' compensation because he gave a co-employee a ride to the job site, transported materials to the job site, was paid for his gas and travel time by his employer, Maxwell–Gabel Contracting, and stopped by another job site to make sure the tools were locked up. All of this evidence, however, was controverted by the employer's evidence. The Labor and Industrial Relations Commission denied Shuey's claim for compensation determining that his injuries did not arise out of, and in the course of, his employment. We affirm. Rule 84.16(b).